**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| KATHLEEN CROCKFORD, | ) | CIVIL ACTION NO. |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| LAWRENCE M. SPENCER, METALS | ) | **PETITION FOR REMOVAL OF** |
| USA PLATES AND SHAPES | ) | **CIVIL ACTION BASED UPON** |
| NORTHEAST, L.P., METALS USA | ) | **DIVERSITY OF CITIZENSHIP** |
| PLATES AND SHAPES SOUTHWEST, | ) | |
| L.P., METALS USA, INC., AND METALS | ) | |
| USA HOLDINGS CORP., | ) | |
| | ) | |
| Defendants. | ) | MAY 21, 2010 |

**To:   Clerk of the Court, United States**
**District Court, District of Connecticut**

NOW COME Defendants LAWRENCE M. SPENCER, METALS USA PLATES

AND SHAPES NORTHEAST, L.P., METALS USA PLATES AND SHAPES

SOUTHWEST, L.P., METALS USA, INC., and METALS USA HOLDINGS, CORP.,

hereafter collectively referred to as "Petitioners", and through the undersigned

respectfully petition this Honorable Court as follows:

1.      Petitioners are the named defendants in a civil action, docket number not

yet assigned, pending in the Connecticut Superior Court, Judicial District of New

London at New London (hereafter "the state court action").  The return date for the state

court action is June 15, 2010.  Copies of the Summons and Complaint in the state court action are attached hereto as **Exhibit A**.

2.      The Plaintiff's eleven-count complaint sounds in negligence, common law recklessness, statutory recklessness, and negligent entrustment, and arises out of an automobile accident that occurred May 28, 2008, at the intersection of Stonington Road and Elm Street, in Stonington, CT.  Plaintiff claims that she was struck from behind by a vehicle operated by Defendant Lawrence M. Spencer, and further claims that at the time of the accident, Defendant Spencer was the agent, servant, and/or employee of the remaining Defendants.  Plaintiff claims to have sustained various injuries, losses and damages as a result of the accident, including physical injury, cognitive loss, cognitive deficits, destruction of earning capacity, depression, loss of enjoyment of life's activities, and mental distress.

3.      The state court action is being removed to the District Court pursuant to Title 28, United States Code, §1441(a).  In support of this Notice of Removal, Petitioners respectfully state and represent to the Court as follows:

a.      By Complaint dated May 5, 2010, the Plaintiff filed suit against the Petitioners.  Service was accomplished upon the Petitioners on or about May 17, 2010, via certified mail from the Connecticut Secretary of State (as to corporate defendants) and via certified mail from the Connecticut Department of Motor Vehicles (as to Lawrence M. Spencer).

b.      The Complaint seeks venue in the Superior Court of Connecticut, Judicial District of New London at New London.

c.      The Plaintiff is a resident of Stonington, Connecticut. *Please see Summons.*

d.      Petitioner Lawrence M. Spencer is a citizen of the State of Rhode Island.

e.      Petitioner Metals USA Plates and Shapes Northeast, L.P., is a Delaware limited partnership. The members of Metals USA Plates and Shapes Northeast, L.P. are Levinson GP, Inc., a corporation organized and existing under the laws of the State of Delaware (general partner) and Levinson LP, Inc., a corporation organized and existing under the laws of the State of Delaware (limited partner). The principal place of business of both Levinson GP, Inc., and Levinson LP, Inc. is Fort Lauderdale, Florida.

f.      Petitioner Metals USA Plates and Shapes Southwest , L.P., is a Connecticut limited partnership. The members of Metals USA Plates and Shapes Southwest, L.P. are Intsel GP, Inc., a corporation organized and existing under the laws of the State of Delaware (general partner) and Intsel LP, Inc., a corporation organized and existing under the laws of the State of Delaware (limited partner). The principal place of business of both Intsel GP, Inc., and Intsel LP, Inc. is Fort Lauderdale, Florida.

g.      Petitioner Metals USA, Inc., is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Fort Lauderdale, Florida.

h.     Petitioner Metals USA Holdings Corporation is a holding corporation organized and existing under the laws of the State of Delaware with its principal place of business in Fort Lauderdale, Florida.

i.     In the Complaint, the Plaintiff alleges that he suffered various permanent physical injuries as a result of the incident, as set forth above.  The Plaintiff further claims to have sustained lost wages and a loss of earning capacity.  The Plaintiff claims to have incurred expenses for medical treatment, neuropsychological evaluation and treatment, therapy, and emergency transport.  She further claims that she will continue to incur such expenses in the future.

4.     Plaintiff seeks compensatory damages, statutory double or treble damages, and punitive damages.

5.     This Court has original jurisdiction over the action pursuant to 28 U.S.C. §1332(a)(1) because there is complete diversity of citizenship between the plaintiff and all defendants, and because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

6.     Venue is proper pursuant to 28 U.S.C. §1391(a) and (b), because the events giving rise to the Plaintiff's claims occurred within the State of Connecticut, and the Defendants/Petitioners are subject to personal jurisdiction in Connecticut.

7.      Pursuant to 28 U.S.C. §1446(d), the Petitioners have on this date notified

the Superior Court of the State of Connecticut of the filing of this Petition.  A copy of the

Certificate of Removal filed with the Superior Court is attached hereto as **Exhibit B**.


**WHEREFORE**, based upon the foregoing, the Petitioners respectfully request

that this action be removed to the United States District Court for the District of

Connecticut pursuant to 28 U.S.C. §1441(a), and that further proceedings in the

Superior Court of Connecticut, Judicial District of New London at New London, be

discontinued.

Respectfully submitted,

DEFENDANTS/PETITIONERS,
LAWRENCE M. SPENCER, METALS
USA PLATES AND SHAPES
NORTHEAST, L.P., METALS USA
PLATES AND SHAPES SOUTHWEST,
L.P., METALS USA, INC., AND
METALS USA HOLDINGS CORP.


By:_____//s//_____
        Michael P. Kenney
        Federal Bar No. ct 26768
        LeClair Ryan
        755 Main St., Suite 2000
        Hartford, CT   06103
        Telephone:  (860) 656-1940
        Fax:  (860) 656-1990
        michael.kenney@leclairryan.com

5

## CERTIFICATION

Pursuant to D.CONN.L.CIV.R. 5, I hereby certify that on this 21st day of May, 2010, a copy of the foregoing Petition for Removal (with Exhibits) was served via First Class Mail, postage prepaid, upon:

Mark R. Kepple, Esq.
804 Stonington Road
Stonington CT 06378
*Attorney for the Plaintiff*

and all pro se parties of record.

_____//s//_____
Michael P. Kenney

**Exhibit A**

**SUMMONS - CIVIL**
JD-CV-1 Rev. 1-09
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Sec. 3-1 through 3-21, 8-1

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov

**See page 2 for instructions**

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350)
70 Huntington Street, New London, CT 06320

Telephone number of clerk (with area code)
( 860 ) 443-5363

Return Date (Must be a Tuesday)
June     15
Month     Day

☒ Judicial District     ☐ G.A.
☐ Housing Session     Number

At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349)
New London

Case type code (See list on page 2)
Major: V     Minor: 0

**For the Plaintiff(s) please enter the appearance of:**

Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code)
Mark R. Kepple, 804 Stonington Road, Stonington, CT 06378

Telephone number (with area code)
( 860 ) 535-3008

Signature of Plaintiff (If self-represented)

Juris number (to be entered by attorney)
307824

Number of Plaintiffs:  1     Number of Defendants:  5     ☒ Form JD-CV-2 attached for additional parties

| Parties | | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) |
|---|---|---|
| First Plaintiff | Name: | Crockford, Kathleen |
| | Address: | 8 Bradley Street, Stonington, CT 06378 |
| Additional Plaintiff | Name: | |
| | Address: | |
| First Defendant | Name: | Spencer, Lawrence M. |
| | Address: | 26 Black Walnut Drive, Coventry, RI 02816 |
| Additional Defendant | Name: | Metals USA Plates and Shapes, Northeast, Limited Partnership |
| | Address: | 110 Roessler Rd., Suite 300-C, Pittsburgh, PA 15220 and 10 Tower Road, Seekonk, MA 02771, by virtue of service on Robert M. Ward, Commissioner of Motor Vehicles, 60 State Street, Wethersfield, CT 06161 |
| Additional Defendant | Name: | Metals USA Plates and Shapes Southwest, Limited Partnership |
| | Address: | One Riverway, Suite 1100, Houston, TX 77056, by virtue of service on its agent for service, CT Corporation System, One Corporate Center, Floor 11, Hartford, CT 06103-3220 |
| Additional Defendant | Name: | Metals USA, Inc. |
| | Address: | One Riverway, Suite 1100, Houston, TX 77056 and 2400 East Commercial Blvd, Suite 905, Ft. Lauderdale, FL 33308, via service on Robert M. Ward, Comm'r of Motor Vehicles, 60 State Street, Wethersfield, CT 06161 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

Signed (Sign and "X" proper box)

☒ Commissioner of the Superior Court
☐ Assistant Clerk

Name of Person Signing at Left
Mark R. Kepple

Date signed
5/5/10

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

A TRUE COPY
ATTEST:
LISA STEVENSON
STATE MARSHAL, HARTFORD COUNTY

I certify I have read and understand the above:

Signed (Self-Represented Plaintiff)

Name and address of person recognized to prosecute in the amount of $250
Christine Kepple, 804 Stonington Road, Stonington, CT 06378

Signed (Official taking recognizance, "X" proper box)

☒ Commissioner of the Superior Court
☐ Assistant Clerk

Date
5/5/10

Docket Number

(Page 1 of 2)

CIVIL SUMMONS,
CONTINUATION OF PARTIES
JD-CV-2  Rev 4-97

STATE OF CONNECTICUT
SUPERIOR COURT

FIRST NAMED PLAINTIFF (Last, First, Middle Initial)

FIRST NAMED DEFENDANT (Last, First, Middle Initial)

| NAME (Last, First, Middle Initial, if individual) | ADDRESS (No., Street, Town and ZIP Code) | CODE |
|---|---|---|
| | | 03 |
| | | 04 |
| | | 05 |
| | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |
| | | 12 |
| | | 13 |

| NAME (Last, First, Middle Initial, if individual) | ADDRESS (No., Street, Town and ZIP Code) | CODE |
|---|---|---|
| Metals USA Holdings Corp., One Riverway, Suite 1100, Houston, TX 77056 and 2400 East Commercial Blvd, Suite 905, Ft. Lauderdale, FL 33308, via service on Robert M. Ward, Comm'r of Motor Vehicles, 60 State Street, Wethersfield, CT 06161 | | 54 |
| | | 55 |
| | | 56 |
| | | 57 |
| | | 58 |
| | | 59 |
| | | 60 |

| | | FOR COURT USE ONLY - FILE DATE |
|---|---|---|
| | 61 | |
| | 62 | |
| | 63 | DOCKET NO. |

CIVIL SUMMONS-Continuation

RETURN DATE: JUNE 15, 2010        :     SUPERIOR COURT

KATHLEEN CROCKFORD            :     J.D. OF NEW LONDON

V.                                     :     AT NEW LONDON

LAWRENCE M. SPENCER;          :
METALS USA PLATES AND SHAPES,   :
NORTHEAST, LIMITED PARTNERSHIP;   :
METALS USA PLATES AND SHAPES     :
SOUTHWEST, LIMITED PARTNERSHIP;   :
METALS USA, INC.; AND METALS USA    :
HOLDINGS CORP.                  :     MAY 5, 2010

## COMPLAINT

## FIRST COUNT: NEGLIGENCE AS TO LAWRENCE M. SPENCER

     1.      At all times mentioned herein, the plaintiff, Kathleen Crockford ("Plaintiff"),

was and continues to be an individual residing in Stonington, Connecticut.

     2.      At all times mentioned herein, the defendant Lawrence M. Spencer

("Defendant Spencer") was and continues to be an individual residing in Coventry, Rhode

Island.

     3.      At all times mentioned herein, the defendant Metals USA Plates and Shapes,

Northeast, Limited Partnership ("Defendant Metals Northeast") was and is a Delaware

limited partnership with a principal place of business at 110 Roessler Road, Suite 300C, Pittsburgh, PA 15220 and with offices at 10 Tower Road, Seekonk, MA 02771.

4.      At all times mentioned herein, the defendant Metals USA Plates and Shapes, Southwest Limited Partnership ("Defendant Metals Southwest") was and is a Connecticut limited partnership with offices at One Riverway, Suite 1100, Houston, TX, 77056.

5.      At all times mentioned herein, the defendant Metals USA, Inc. ("Defendant Metals Inc.") was and is a Delaware corporation with offices at One Riverway, Suite 1100, Houston, TX 77056.

6.      At all times mentioned herein, the defendant Metals USA Holdings Corp. ("Defendant Metals Holdings") was and is a Delaware corporation with offices at One Riverway, Suite 1100, Houston, TX 77056.

7.      On or about May 29, 2008, at approximately 2:58 p.m., a motor vehicle operated by Lisa Stoner (the "Stoner Vehicle") was traveling westbound on Stonington Road at its intersection with Elm Street, both in the Town of Stonington, and had stopped to allow oncoming traffic to pass so that the Stoner Vehicle could make a left hand turn from Stonington Road onto Elm Street.

8.      At that same time, Plaintiff was operating her Volkswagen Beetle in a westerly direction on Stonington Road behind the Stoner Vehicle and was also intending to turn left onto Elm Street.

9.      As Plaintiff neared the intersection of Stonington Road and Elm Street, she activated her left turn signal and brought her vehicle to a stop behind the Stoner Vehicle.

10.     As Plaintiff waited behind the Stoner Vehicle, a flatbed tractor-trailer truck operated by Defendant Spencer, which was traveling westbound on Stonington Road behind Plaintiff's vehicle, violently struck the rear of Plaintiff's vehicle.

11.     The collision was sufficiently violent that it forced Plaintiff's vehicle into the rear end of the Stoner Vehicle and caused Plaintiff to be thrown backward, forward and from side to side within her vehicle.

12.     The collision and the injuries that Plaintiff suffered were caused by the negligent and careless conduct of Defendant Spencer, in one or more of the following respects:

        (a)     he was inattentive and failed to keep a proper lookout;

        (b)     he operated his vehicle at a rate of speed that was unreasonable given the width, traffic and use of the roadway;

(c)     he failed to observe Plaintiff's vehicle ahead of him on the roadway, although by a proper and reasonable exercise of his senses he could and should have done so;

(d)     he failed to apply his brakes in time to avoid a collision, although through a proper and reasonable exercise of his senses, he could and should have done so;

(e)     he failed to turn his vehicle to the right or to the left so as to avoid the collision, although through a proper and reasonable exercise of his senses, he could and should have done so;

(f)     he failed to keep his vehicle under proper and reasonable control;

(g)     he failed to sound his horn to alert others that an accident was going to occur;

(h)     he failed to keep a reasonable distance between his vehicle and Plaintiff's vehicle and/or he was following Plaintiff's vehicle too closely;

(i)     he failed to take any evasive action to avoid the collision, although through a proper and reasonable use of his senses, he could and should have done so.

13.     The collision and Plaintiff's injuries were also caused by the negligence and carelessness of Defendant Spencer by driving his vehicle in violation of the Connecticut General Statutes in one or more of the following respects:

(a)     he operated his vehicle at a rate of speed that was greater than was reasonable, having regard to the conditions then and there existing, in violation of § 14-218a of the Connecticut General Statutes;

(b)     he drove his vehicle in a reckless manner in violation of § 14-222 of the Connecticut General Statutes;

(c)     he followed Plaintiff's vehicle more closely than was reasonable and prudent, having regard for the speed of such vehicles, the traffic upon and the condition of the highway and the weather conditions, in violation of Conn. Gen. Stat. § 14-240.

14.     As a result of the carelessness and negligence of Defendant Spencer, Plaintiff suffered severe, painful permanent and disabling injuries and losses. She was rendered unconscious at the scene of the collision and was transported to Hartford Hospital by emergency medical helicopter, where she remained hospitalized in a semi-conscious and intubated state for several days. Diagnostic testing and medical evaluations revealed that she had sustained, among other things, a mild to moderate traumatic brain injury, injury to her neck and head, a laceration to her tongue, hemorrhaging on her brain, contusions and abrasions, a shock to her entire nervous system, posttraumatic amnesia, vomiting, impaired speech, mild oropharyngeal dysphagia with loss of bolus control, headaches, dizziness, tinnitus, photophobia, decreased information processing speed, difficulties with concentration and memory, increased irritability and balance difficulties, decreased attention span, sensitivity to noise, sleeping difficulties, fatigue, impaired depth perception, sensitivity to motion, impaired judgment, difficulty reading, short-term memory impairment, problems with word retrieval, difficulty with making decisions, reduced ability to multi-task, difficulty

adjusting to changes in routine, difficulty driving, inefficiencies in new learning and memory, impaired cognitive processing ability, decreased writing ability and difficulty interacting with others.

15.    As a further result of the carelessness and negligence of Defendant Spencer, Plaintiff was required to undergo extensive medical care, diagnostic testing, x-rays, CT scans, rehabilitation, speech therapy, occupational and physical therapy, neuropsychological care and testing, cognitive therapy, and other treatment and will continue to require the same in the future.

16.    As a further result of the negligence and carelessness of Defendant Spencer, Plaintiff has been compelled to expend considerable sums of money for medical and neuropsychological care, therapies, emergency helicopter transport, hospital care, diagnostic testing and evaluation, rehabilitation and medications, and will in the future be required to expend further such sums of money for the same.

17.    As a further result of above injuries and the carelessness and negligence of Defendant Spencer, Plaintiff has sustained a loss of past and future earnings and her earning capacity has been permanently impaired and/or destroyed.

18.    All of the foregoing injuries have caused Plaintiff severe physical pain and suffering, mental anxiety, restriction of activities, loss of life's enjoyment, loss of

independence, distress, disability and depression and Plaintiff will continue to suffer these losses and limitations, which are to a large extent permanent, in the future.

## SECOND COUNT:  COMMON LAW RECKLESSNESS AGAINST LAWRENCE M. SPENCER

1-9.    Paragraphs 1 through 9 of the First Count are hereby incorporated into and made corresponding paragraphs 1-9 of this Second Count as though fully alleged herein.

10.    At that same time and place, Defendant Spencer was operating a flatbed tractor trailer truck behind Plaintiff's vehicle, when he made a conscious decision to ignore Plaintiff's left turn signal and brake lights and stopped vehicle and continue traveling at a steady or increasing rate of speed without applying his brakes or otherwise attempting to stop to avoid hitting Plaintiff's car until he was so close to Plaintiff's vehicle that any attempt to stop or avoid the collision was impossible, when he knew or should have known that said decision was substantially likely to cause death or serious injury to individuals operating motor vehicles on the highway, including Plaintiff.

11.    As Plaintiff waited behind the Stoner Vehicle, the flatbed tractor-trailer truck operated by Defendant Spencer violently struck the rear of Plaintiff's vehicle.

12.     The collision was sufficiently violent that it forced Plaintiff's vehicle into the rear end of the Stoner Vehicle and caused Plaintiff to be thrown backward, forward and from side to side within her vehicle.

13.     As a result of Defendant Spencer's willful, deliberate and reckless conduct, Plaintiff suffered severe, painful permanent and disabling injuries and losses. She was rendered unconscious at the scene of the collision and was transported to Hartford Hospital by emergency medical helicopter, where she remained hospitalized in a semi-conscious and intubated state for several days. Diagnostic testing and medical evaluations revealed that she had sustained, among other things, a mild to moderate traumatic brain injury, injury to her neck and head, a laceration to her tongue, hemorrhaging on her brain, contusions and abrasions, a shock to her entire nervous system, posttraumatic amnesia, vomiting, impaired speech, mild oropharyngeal dysphagia with loss of bolus control, headaches, dizziness, tinnitus, photophobia, decreased information processing speed, difficulties with concentration and memory, increased irritability and balance difficulties, decreased attention span, sensitivity to noise, sleeping difficulties, fatigue, impaired depth perception, sensitivity to motion, impaired judgment, difficulty reading, short-term memory impairment, problems with word retrieval, difficulty with making decisions, reduced ability to multi-task, difficulty adjusting to changes in routine, difficulty driving, inefficiencies in new learning and

memory, impaired cognitive processing ability, decreased writing ability and difficulty interacting with others.

14.     As a further result of Defendant Spencer's willful, deliberate and reckless conduct, Plaintiff was required to undergo extensive medical care, diagnostic testing, x-rays, CT scans, rehabilitation, speech therapy, occupational and physical therapy, neuropsychological care and testing, cognitive therapy, and other treatment and will continue to require the same in the future.

15.     As a further result of Defendant Spencer's willful, deliberate and reckless conduct, Plaintiff has been compelled to expend considerable sums of money for medical and neuropsychological care, therapies, emergency helicopter transport, hospital care, diagnostic testing and evaluation, rehabilitation and medications, and will in the future be required to expend further such sums of money for the same.

16.     As a further result of above injuries and Defendant Spencer's willful, deliberate and reckless conduct, Plaintiff has sustained a loss of past and future earnings and her earning capacity has been permanently impaired and/or destroyed.

17.     As a result of the injuries caused by Defendant Spencer's willful, deliberate and reckless conduct, Plaintiff has suffered severe physical pain and suffering, mental anxiety, restriction of activities, loss of life's enjoyment, loss of independence, distress,

disability and depression and Plaintiff will continue to suffer these losses and limitations, which are to a large extent permanent, in the future.

**THIRD COUNT:** **STATUTORY RECKLESSNESS AGAINST LAWRENCE M. SPENCER**

1-12.   Paragraphs 1 though 12 of the Second Count are hereby incorporated into and made corresponding paragraphs 1 through 12 of this Third Count as though fully alleged herein.

13.   Defendant Spencer deliberately or with reckless disregard for the safety of others upon the highway, operated his motor vehicle in violation of Connecticut General Statutes, and said violations were a substantial factor in causing the injuries to Plaintiff, which are set forth more fully below.

14.   The collision and the resulting losses to Plaintiff were caused by the recklessness and deliberate disregard of Defendant Spencer, in that:

(a)   he operated his vehicle at a rate of speed that was greater than reasonable, having regard to the conditions then and there existing, in violation of Conn. Gen. Stat. § 14-281a of the Connecticut General Statutes; and

(b)   he drove his vehicle in a reckless manner in violation of § 14-222 of the Connecticut General Statutes.

15.     As a result of Defendant Spencer's willful, deliberate and reckless conduct, Plaintiff suffered severe, painful permanent and disabling injuries and losses.  She was rendered unconscious at the scene of the collision and was transported to Hartford Hospital by emergency medical helicopter, where she remained hospitalized in a semi-conscious and intubated state for several days.  Diagnostic testing and medical evaluations revealed that she had sustained, among other things, a mild to moderate traumatic brain injury, injury to her neck and head, a laceration to her tongue, hemorrhaging on her brain, contusions and abrasions, a shock to her entire nervous system, posttraumatic amnesia, vomiting, impaired speech, mild oropharyngeal dysphagia with loss of bolus control, headaches, dizziness, tinnitus, photophobia, decreased information processing speed, difficulties with concentration and memory, increased irritability and balance difficulties, decreased attention span, sensitivity to noise, sleeping difficulties, fatigue, impaired depth perception, sensitivity to motion, impaired judgment, difficulty reading, short-term memory impairment, problems with word retrieval, difficulty with making decisions, reduced ability to multi-task, difficulty adjusting to changes in routine, difficulty driving, inefficiencies in new learning and memory, impaired cognitive processing ability, decreased writing ability and difficulty interacting with others.

16.     As a further result of Defendant Spencer's willful, deliberate and reckless conduct, Plaintiff was required to undergo extensive medical care, diagnostic testing, x-rays, CT scans, rehabilitation, speech therapy, occupational and physical therapy, neuropsychological care and testing, cognitive therapy, and other treatment and will continue to require the same in the future.

17.     As a further result of Defendant Spencer's willful, deliberate and reckless conduct, Plaintiff has been compelled to expend considerable sums of money for medical and neuropsychological care, therapies, emergency helicopter transport, hospital care, diagnostic testing and evaluation, rehabilitation and medications, and will in the future be required to expend further such sums of money for the same.

18.     As a further result of above injuries and Defendant Spencer's willful, deliberate and reckless conduct, Plaintiff has sustained a loss of past and future earnings and her earning capacity has been permanently impaired and/or destroyed.

19.     As a result of the injuries caused by Defendant Spencer's willful, deliberate and reckless conduct, Plaintiff has suffered severe physical pain and suffering, mental anxiety, restriction of activities, loss of life's enjoyment, loss of independence, distress, disability and depression and Plaintiff will continue to suffer these losses and limitations, which are to a large extent permanent, in the future.

20.     As a result of the foregoing, Plaintiff claims double and/or treble damages in accordance with § 14-295 of the Connecticut General Statutes.

## FOURTH COUNT:  NEGLIGENCE AS TO DEFENDANT METALS USA PLATES AND SHAPES, NORTHEAST, LIMITED PARTNERSHIP

1-11.    Paragraphs 1 through 11 of the First Count are hereby incorporated into and made corresponding paragraphs 1 through 11 of this Fourth Count as though fully alleged herein.

12.     At all times mentioned herein, Defendant Metals Northeast owned the truck that Defendant Spencer was driving, and Defendant Spencer was authorized and/or had permission to operate said truck and was operating it within the scope of his general authority to do so and/or was the agent and/or employee of Defendant Metals Northeast and was operating said vehicle in the course or scope of his agency or employment.

13.     Defendant Metals Northeast, as owner of the truck driven by Defendant Spencer, is liable for any damages caused by Defendant Spencer to Plaintiff, pursuant to Section 52-183 of the Connecticut General Statutes.

14.     The collision and the injuries that Plaintiff suffered were caused by the negligent and careless conduct of Defendant Spencer, for which Defendant Metals Northeast is also responsible, in one or more of the following respects:

(a)    he was inattentive and failed to keep a proper lookout;

(b)    he operated his vehicle at a rate of speed that was unreasonable given the width, traffic and use of the roadway;

(c)    he failed to observe Plaintiff's vehicle ahead of him on the roadway, although by a proper and reasonable exercise of his senses he could and should have done so;

(d)    he failed to apply his brakes in time to avoid a collision, although through a proper and reasonable exercise of his senses, he could and should have done so;

(e)    he failed to turn his vehicle to the right or to the left so as to avoid the collision, although through a proper and reasonable exercise of his senses, he could and should have done so;

(f)    he failed to keep his vehicle under proper and reasonable control;

(g)    he failed to sound his horn to alert others that an accident was going to occur;

(h)    he failed to keep a reasonable distance between his vehicle and Plaintiff's vehicle and/or he was following Plaintiff's vehicle too closely;

(i)    he failed to take any evasive action to avoid the collision, although through a proper and reasonable use of his senses, he could and should have done so.

15.    The collision and Plaintiff's injuries were also caused by the negligence and carelessness of Defendant Spencer, for whose negligence Defendant Metals Northeast is

also responsible, by driving his vehicle in violation of the Connecticut General Statutes in

one or more of the following respects:

        (a)     he operated his vehicle at a rate of speed that was greater than was reasonable, having regard to the conditions then and there existing, in violation of § 14-218a of the Connecticut General Statutes;

        (b)     he drove his vehicle in a reckless manner in violation of § 14-222 of the Connecticut General Statutes;

        (c)     he followed Plaintiff's vehicle more closely than was reasonable and prudent, having regard for the speed of such vehicles, the traffic upon and the condition of the highway and the weather conditions, in violation of Conn. Gen. Stat. § 14-240.

     16.    As a result of the carelessness and negligence of Defendant Spencer, for

whose negligence Defendant Metals Northeast is also responsible, Plaintiff suffered severe,

painful permanent and disabling injuries and losses. She was rendered unconscious at the

scene of the collision and was transported to Hartford Hospital by emergency medical

helicopter, where she remained hospitalized in a semi-conscious and intubated state for

several days. Diagnostic testing and medical evaluations revealed that she had sustained,

among other things, a mild to moderate traumatic brain injury, injury to her neck and head, a

laceration to her tongue, hemorrhaging on her brain, contusions and abrasions, a shock to

her entire nervous system, posttraumatic amnesia, vomiting, impaired speech, mild

oropharyngeal dysphagia with loss of bolus control, headaches, dizziness, tinnitus,

photophobia, decreased information processing speed, difficulties with concentration and memory, increased irritability and balance difficulties, decreased attention span, sensitivity to noise, sleeping difficulties, fatigue, impaired depth perception, sensitivity to motion, impaired judgment, difficulty reading, short-term memory impairment, problems with word retrieval, difficulty with making decisions, reduced ability to multi-task, difficulty adjusting to changes in routine, difficulty driving, inefficiencies in new learning and memory, impaired cognitive processing ability, decreased writing ability and difficulty interacting with others.

17.     As a further result of the carelessness and negligence of Defendant Spencer, for whose negligence Defendant Metals Northeast is also responsible, Plaintiff was required to undergo extensive medical care, diagnostic testing, x-rays, CT scans, rehabilitation, speech therapy, occupational and physical therapy, neuropsychological care and testing, cognitive therapy, and other treatment and will continue to require the same in the future.

18.     As a further result of the negligence and carelessness of Defendant Spencer, for whose negligence Defendant Metals Northeast is also responsible, Plaintiff has been compelled to expend considerable sums of money for medical and neuropsychological care, therapies, emergency helicopter transport, hospital care, diagnostic testing and evaluation,

rehabilitation and medications, and will in the future be required to expend further such sums of money for the same.

19.     As a further result of above injuries and the carelessness and negligence of Defendant Spencer, for whose negligence Defendant Metals Northeast is also responsible, Plaintiff has sustained a loss of past and future earnings and her earning capacity has been permanently impaired and/or destroyed.

20.     All of the foregoing injuries have caused Plaintiff severe physical pain and suffering, mental anxiety, restriction of activities, loss of life's enjoyment, loss of independence, distress, disability and depression and Plaintiff will continue to suffer these losses and limitations, which are to a large extent permanent, in the future.

**FIFTH COUNT:**     **NEGLIGENCE AS TO DEFENDANT METALS USA PLATES AND SHAPES SOUTHWEST, LIMITED PARTNERSHIP**

1-11.   Paragraphs 1 through 11 of the First Count are hereby incorporated into and made corresponding paragraphs 1 through 11 of this Fifth Count as though fully alleged herein.

12.     At all times mentioned herein, Defendant Metals Southwest owned the truck that Defendant Spencer was driving, and Defendant Spencer was authorized and/or had permission to operate said truck and was operating it within the scope of his general

authority to do so and/or was the agent and/or employee of Defendant Metals Southwest and was operating said vehicle in the course or scope of his agency or employment.

13.     Defendant Metals Southwest, as owner of the truck driven by Defendant Spencer, is liable for any damages caused by the Defendant Spencer to Plaintiff, pursuant to Section 52-183 of the Connecticut General Statutes.

14.     The collision and the injuries that Plaintiff suffered were caused by the negligent and careless conduct of Defendant Spencer, for which Defendant Metals Southwest is also responsible, in one or more of the following respects:

(a)     he was inattentive and failed to keep a proper lookout;

(b)     he operated his vehicle at a rate of speed that was unreasonable given the width, traffic and use of the roadway;

(c)     he failed to observe Plaintiff's vehicle ahead of him on the roadway, although by a proper and reasonable exercise of his senses he could and should have done so;

(d)     he failed to apply his brakes in time to avoid a collision, although through a proper and reasonable exercise of his senses, he could and should have done so;

(e)     he failed to turn his vehicle to the right or to the left so as to avoid the collision, although through a proper and reasonable exercise of his senses, he could and should have done so;

(f)     he failed to keep his vehicle under proper and reasonable control;

(g)     he failed to sound his horn to alert others that an accident was going to occur;

(h)     he failed to keep a reasonable distance between his vehicle and Plaintiff's vehicle and/or he was following Plaintiff's vehicle too closely;

(i)     he failed to take any evasive action to avoid the collision, although through a proper and reasonable use of his senses, he could and should have done so.

15.     The collision and Plaintiff's injuries were also caused by the negligence and carelessness of Defendant Spencer, for whose negligence Defendant Metals Southwest is also responsible, by driving his vehicle in violation of the Connecticut General Statutes in one or more of the following respects:

(a)     he operated his vehicle at a rate of speed that was greater than was reasonable, having regard to the conditions then and there existing, in violation of § 14-218a of the Connecticut General Statutes;

(b)     he drove his vehicle in a reckless manner in violation of § 14-222 of the Connecticut General Statutes;

(c)     he followed Plaintiff's vehicle more closely than was reasonable and prudent, having regard for the speed of such vehicles, the traffic upon and the condition of the highway and the weather conditions, in violation of Conn. Gen. Stat. § 14-240.

16.     As a result of the carelessness and negligence of Defendant Spencer, for whose negligence Defendant Metals Southwest is also responsible, Plaintiff suffered severe,

painful permanent and disabling injuries and losses. She was rendered unconscious at the scene of the collision and was transported to Hartford Hospital by emergency medical helicopter, where she remained hospitalized in a semi-conscious and intubated state for several days. Diagnostic testing and medical evaluations revealed that she had sustained, among other things, a mild to moderate traumatic brain injury, injury to her neck and head, a laceration to her tongue, hemorrhaging on her brain, contusions and abrasions, a shock to her entire nervous system, posttraumatic amnesia, vomiting, impaired speech, mild oropharyngeal dysphagia with loss of bolus control, headaches, dizziness, tinnitus, photophobia, decreased information processing speed, difficulties with concentration and memory, increased irritability and balance difficulties, decreased attention span, sensitivity to noise, sleeping difficulties, fatigue, impaired depth perception, sensitivity to motion, impaired judgment, difficulty reading, short-term memory impairment, problems with word retrieval, difficulty with making decisions, reduced ability to multi-task, difficulty adjusting to changes in routine, difficulty driving, inefficiencies in new learning and memory, impaired cognitive processing ability, decreased writing ability and difficulty interacting with others.

17.     As a further result of the carelessness and negligence of Defendant Spencer, for whose negligence Defendant Metals Southwest is also responsible, Plaintiff was required

to undergo extensive medical care, diagnostic testing, x-rays, CT scans, rehabilitation, speech therapy, occupational and physical therapy, neuropsychological care and testing, cognitive therapy, and other treatment and will continue to require the same in the future.

18.     As a further result of the negligence and carelessness of Defendant Spencer, for whose negligence Defendant Metals Southwest is also responsible, Plaintiff has been compelled to expend considerable sums of money for medical and neuropsychological care, therapies, emergency helicopter transport, hospital care, diagnostic testing and evaluation, rehabilitation and medications, and will in the future be required to expend further such sums of money for the same.

19.     As a further result of above injuries and the carelessness and negligence of Defendant Spencer, for whose negligence Defendant Metals Southwest is also responsible, Plaintiff has sustained a loss of past and future earnings and her earning capacity has been permanently impaired and/or destroyed.

20.     All of the foregoing injuries have caused Plaintiff severe physical pain and suffering, mental anxiety, restriction of activities, loss of life's enjoyment, loss of independence, distress, disability and depression and Plaintiff will continue to suffer these losses and limitations, which are to a large extent permanent, in the future.

**SIXTH COUNT:**     **NEGLIGENCE AS TO DEFENDANT METALS USA, INC.**