```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

KATHLEEN CROCKFORD              :
                                :
                                :
v.                              :      CIV. NO. 3:10CV813(HBF)
                                :
LAWRENCE M. SPENCER, METALS     :
USA PLATES AND SHAPES           :
NORTHEAST, L.P., METALS USA     :
PLATES AND SHAPES SOUTHWEST,    :
L.P., METALS USA, INC., AND     :
METALS USA HOLDINGS CORP.       :
```

**RULING ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT [DOC. #37] AND MOTION TO PRECLUDE EXPERT GARY CRAKES [DOC. #35]**

This case arises out of a collision that occurred at the intersection of Routes 1 and 1A in Stonington, CT. Defendant Lawrence Spencer, driving a fully-loaded flatbed truck, rear-ended plaintiff, who was stopped on Route 1 and waiting to take a left hand turn onto Route 1A. Pending is defendants' partial motion for summary judgment [doc. #37], seeking summary judgment on counts two, three and eight of plaintiff's May 5, 2010 complaint [doc. #1]. Count two against Lawrence Spencer alleges recklessness, count three against Spencer alleges statutory recklessness and count 8 against Metals USA Plates and Shapes, Northeast, L.P. alleges negligent entrustment. [doc. #1-1]. Plaintiff has stipulated to the dismissal of count eight of the complaint. [doc. #50]. Therefore, the Court need only address defendants' motion with regard to counts two and three. Also

1

pending is defendants' motion to preclude plaintiff's expert Gary Crakes [doc. #35]. For the reasons that follow, the motion for partial summary judgment **[doc. #37]** is **DENIED** and the motion to preclude plaintiff's expert Gary Crakes **[doc. #35]** is **DENIED**.

I. FACTS

Based on the pleadings, the parties' Local Rule 56(a) Statements, and the exhibits provided, the Court finds the following facts, which, for purposes of this motion, are construed in the light most favorable to plaintiff.

On May 29, 2008, plaintiff the Reverend Kathleen Crockford, was driving her car, a VW Beetle convertible, heading west on Stonington Road, also known as Route 1 in Stonington. As plaintiff approached Route 1A, which forked to the left, she brought her car to a stop behind a van, driven by Lisa Stoner. Both plaintiff and Stoner intended to make left hand turns onto Route 1A once the oncoming traffic subsided. Defendant Spencer, a commercial truck driver for approximately 24 years, was operating a flatbed tractor-trailer on Route 1 in the same direction as Stoner and plaintiff. Spencer also intended to make a left hand turn onto Route 1A . Upon approaching Route 1A, Spencer saw Stoner and plaintiff's car stopped on Route 1 waiting to turn left. Spencer failed to stop the truck in time and rear-ended the back of plaintiff's car. Plaintiff was rendered unconscious and airlifted by Life Star Helicopter to Hartford Hospital. This

litigation ensued.

II. <u>SUMMARY JUDGMENT [DOC. #37]</u>

   A. Legal Standard

   At the summary judgment stage, the moving party bears the burden of demonstrating that no genuine issue exists as to any material fact, <u>see</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-25 (1986), and the court must resolve all ambiguities and draw all inferences in favor of the non-movant. <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986); <u>Holcomb v. Iona College</u>, 521 F.3d 130, 137 (2d Cir. 2008). If the moving party carries its burden, the party opposing summary judgment "may not rely merely on allegations or denials." Fed. R. Civ. P. 56(e)(2). Rather, the opposing party must "set out specific facts showing a genuine issue for trial." <u>Id.</u> In short, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." <u>Anderson</u>, 477 U.S. at 249-50 (citations omitted).  A party may not create a genuine issue of material fact simply by presenting contradictory or unsupported statements. <u>See</u> <u>SEC v. Research Automation Corp.</u>, 585 F.2d 31, 33 (2d Cir. 1978). Nor may he rest on "allegations or denials" contained in his pleadings. <u>Goenaga v. March of Dimes Birth</u>

Defects Found., 51 F.3d 14, 18 (2d Cir. 1995).

B. Discussion

Plaintiff alleges that she was injured as a result of defendant's negligence and/or recklessness. Defendant counters that as a matter of law he is entitled to summary judgment on the recklessness counts because there is no evidence to support the cause of action.

Recklessness "is more than negligence, more than gross negligence." Dubay v. Irish, 207 Conn. 518, 532 (1988) (internal quotations omitted). The Connecticut Supreme Court has defined recklessness as follows:

> Recklessness is a state of consciousness with reference to the consequences of one's acts.... It is more than negligence, more than gross negligence.... The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them.... Wanton misconduct is reckless misconduct.... It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action....

Craig v. Driscoll, 262 Conn. 312, 342,(2003) (internal quotations omitted). "[R]eckless conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent.... [S]uch aggravated negligence must be more than any mere mistake resulting from inexperience, excitement, or

confusion, and more than mere thoughtlessness or inadvertence, or simply inattention." Id. Statutory recklessness, pursuant to C.G.S. § 14-295 requires the same level of culpability as common law recklessness. See Bishop v. Kelly, 206 Conn. 608, 614 (1988).

In the instant case, relevant and material facts are disputed, such as whether the brakes malfunctioned, whether the maxi-brakes were applied, whether the jake brake should have been engaged, whether the defendant could have avoided or mitigated the collision be veering off to the right. And plaintiff in opposing the summary judgment has come forth with evidence establishing these ambiguities.[1] Construing the facts in the light most favorable to the plaintiff, as is common with an allegation of recklessness, there remain genuine issues of material fact as to whether defendant's conduct exhibited a reckless disregard of the just rights or safety of others or of the consequences of his action. See Doe v Talabi,2009 WL 2784854, Docket No. CV 07-5009974-S, (Conn. Super. Ct. Aug. 7, 2009) (recklessness usually presents questions of fact unsuitable for summary judgment unless no reasonable mind can differ as to the conclusion). As such, partial summary judgment on counts 2 and 3

---

[1] In arriving at this conclusion, the Court did not rely on the testimony of Lew Grill, plaintiff's trucking expert. Instead, the Court relied on the police accident reconstruction report, Spencer's deposition, and voluntary statemens made by an eye witness, attesting that the tractor-trailer did not slow down prior to the accident.

is **DENIED**.

III. MOTION TO PRECLUDE EXPERT [DOC. #35]

Plaintiff has disclosed Dr. Gary Crakes as an expert on the topic of plaintiff's economic loss following the accident. Dr. Crakes calculated the plaintiff's lifetime unimpaired earning capacity from January 1, 2009 to the age of 65 and also from January 1, 2009 to the age of 70. Defendants move to preclude Gary Crakes.

A witness with "scientific, technical, or other specialized knowledge" may be qualified to testify based on such expertise. Fed.R.Evid. 702. A district court is assigned a "gatekeeping" role in determining whether expert testimony is permitted under the federal rules. See United States v. Farhane, 634 F.3d 127, 158 (2d Cir. 2011). The court must ensure "'that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'" United States v. Williams, 506 F.3d 151, 160 (2d Cir.2007) (quoting Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 597 (1993)). When assessing reliability, Rule 702 provides a number of nonexclusive factors to consider, including: "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed.R.Evid. 702; see Williams, 508 F.3d at 160 ("[T]hese criteria are not

exhaustive.").

Defendants argue that Dr. Crake's testimony does not meet the admissibility criteria set forth in Federal Rule of Evidence 702 and under Daubert, 509 U.S. 579 (1993). Defendants argue that Dr. Crake's opinion is unreliable because, (1) it fails to deduct social security disability income and short and long term disability income which plaintiff received and continues to receive, and, (2) it fails to provide support for his assumptions regarding plaintiff's work-life, earnings base and loss of household services.

At the outset, the Court notes that defendants take no issue with the expert's qualifications and the Court agrees that Dr. Crakes is qualified to render an opinion in this case. As to defendants' first argument, the Court disagrees that Dr. Crakes' failure to deduct social security income and disability income from his calculations renders the opinion unreliable. First, plaintiff enlisted Dr. Crakes to provide an analysis of her lost earning capacity, which is precisely what Dr. Crakes' report measures. The opinion calculates what plaintiff has been and will be precluded from earning as a result of the accident. Whether there are any potential offsets that could affect the amount of damages awarded if plaintiff were to prevail at trial is separate and apart from the issue of plaintiff's lost earning capacity. Second, pursuant to Conn. Gen. Stat. § 52-225a, any

reductions for collateral source payments would be made at the end of trial by the judge if plaintiff were to prevail at trial. Third, social security income is not a collateral source, according to the Connecticut Supreme Court's interpretation of Conn. Gen. Stat. § 52-225a in Schroeder v. Triangulum Associates, 259 Conn. 325 (2002), and therefore would not be deducted.

As to defendants' second argument, while the court "must focus on the principles and methodology employed by the expert", the expert does not have to "back his or her opinion with [evidence] that unequivocally support[s] his or her conclusions." Amorgianos v. Nat'l R.R. Passenger Corp., 303 F.3d 256, 266 (2d Cir. 2002). Further, an expert may be qualified based solely "on his experience," and "such an expert must show how his or her experience ... led to his conclusion or provided a basis for his opinion." SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., LLC, 467 F.3d 107, 132 (2d Cir. 2006) (internal quotation marks omitted).

To arrive at his income loss calculation, Dr. Crakes made certain assumptions which defendants argue are unfounded. These assumptions are: (1) that plaintiff had mean annual earnings of $92,150 for 2006 and 2007; (2) that the plaintiff's work life would have extended to the age of 65 or 70; and, (3) that plaintiff suffered a 50 percent reduction in her ability to perform household services. With regard to the estimated mean

annual earnings, Dr. Crakes arrived at this number by relying on the plaintiff's tax returns, which included W-2 earnings, as well as earnings from self-employment. In making the assumptions about plaintiff's work life and reduction in household services, Dr. Crakes relied on the expert report of Albert Sabella, a vocational expert who, among other things, noted that Ms. Crockford reported limitations in her ability to perform household chores such as paying bills on time, food preparation, laundry, and grocery shopping and that Ms. Crockford's work as a minister is a lifestyle as well as a vocation which can extend well beyond the age of 65. [doc. #44-1, at 8]. The bases for Dr. Crakes' assumptions are well supported and any disagreement by the defendants as to Dr. Crakes' assumptions, calculations or conclusions is fodder for cross-examination.

IV. CONCLUSION

For the foregoing reasons, defendants' motion for partial summary judgment **[doc. #37]** is **DENIED** and defendants' motion to preclude the expert Dr. Crakes **[doc. #35]** is **DENIED**.  This is not a recommended ruling.  The parties consented to proceed before a United States Magistrate Judge **[doc. #59]** on December 20, 2011 with appeal to the Court of Appeals.

SO ORDERED at Bridgeport this 3RD  day of February 2012.

                                        /s/
                                HOLLY B. FITZSIMMONS
                                UNITED STATES MAGISTRATE JUDGE